Submitted on record and briefs November 4, judgment of conviction for possession of less than one ounce of marijuana reversed and remanded; otherwise affirmed December 28, 2005

STATE OF OREGON,
*Respondent,*

*v.*

CAMERON SCOTT BEERS,
*Appellant.*

CR020495; A122142

125 P3d 848

Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, and Rebecca Duncan, Chief Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, and Benjamin R. Hartman, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for one count of driving while under the influence of intoxicants, ORS 813.010, and one count of possession of less than an ounce of marijuana, ORS 475.992(4)(f) (2003), *amended by* Or Laws 2005, ch 708, § 39. He assigns error to the denial of a motion for judgment of acquittal on the possession charge.

According to defendant, ORS 475.992(4)(f) (2003) prohibits the possession of "less than one avoirdupois ounce of the dried leaves, stems[,] and flowers of the plant Cannabis family Moraceae." In this case, he argues, the undisputed evidence was that he did not possess dried leaves, stems, or flowers of a marijuana plant; rather, he possessed the seeds of the plant only. The state concedes error.

We agree with the parties. As defendant notes, the statute that he is charged with violating prohibits the possession of only "dried leaves, stems[,] and flowers" of a marijuana plant, not seeds. ORS 475.992(4)(f) (2003). The omission of seeds from that list of marijuana plant components was apparently not an oversight. At least one other statute defines "marijuana" more broadly to include nonsterilized seeds of the plant. ORS 475.005(16) defines the term to mean "all parts of the plant Cannabis family Moraceae, whether growing or not," but excluding "the sterilized seed of the plant which is incapable of germination." *See Bayridge Assoc. Ltd. Partnership v. Dept. of Rev.*, 321 Or 21, 31, 892 P2d 1002 (1995) (courts assume that, when the legislature includes a provision in one section but omits it from another, the legislature did so intentionally).

Judgment of conviction for possession of less than one ounce of marijuana reversed and remanded; otherwise affirmed.